IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DEBORAH COVINGTON**                                              **PLAINTIFF**

**V.**                                    **NO. 4:20-CV-00807-JTK**

**COMMISSIONER OF**
**SOCIAL SECURITY ADMINISTRATION**                                **DEFENDANT**

**ORDER**

## I.    Introduction:

Plaintiff, Deborah Covington ("Covington"), applied for disability benefits on October 16, 2107, alleging a disability onset date of September 1, 2017. (Tr. at 10). The claim was denied initially and upon reconsideration. *Id*. After conducting a hearing, the Administrative Law Judge ("ALJ") denied Covington's application on October 4, 2019. (Tr. at 26). The Appeals Council denied her request for review. (Tr. at 1). The ALJ's decision now stands as the final decision of the Commissioner, and Covington has requested judicial review.

For the reasons stated below, the Court[1] affirms the decision of the Commissioner.

## II.    The Commissioner's Decision:

The ALJ found that Covington had not engaged in substantial gainful activity since the alleged onset date of September 1, 2017.[2]  (Tr. at 13). The ALJ found, at Step Two, that Covington had the following severe impairments: hypertension, diabetes mellitus, neuropathy, degenerative

---

[1] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge.

[2] The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g).

disc disease, and obesity. (Tr. at 13).

After finding that Covington's impairments did not meet or equal a listed impairment (Tr. at 15), the ALJ determined that Covington had the residual functional capacity ("RFC") to perform the full range of work at the light exertional level. (Tr. at 16).

At Step Four, the ALJ found that Covington was capable of returning to her past relevant work as a daycare worker. (Tr. at 26). Therefore, the ALJ found that Covington was not disabled. *Id.*

### III.   Discussion:

#### A.   Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); see also 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is

more than a mere scintilla.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.

      B. Covington's Arguments on Appeal

      Covington contends that the evidence supporting the ALJ's decision is less than substantial. She argues that: (1) the RFC did not fully incorporate her limitations; (2) the ALJ did not properly evaluate Covington's obesity; and (3) she could not return to past relevant work. For the following reasons, the Court finds that substantial evidence supports the ALJ's decision.

      Covington complained of back pain, as well as extremity pain stemming from diabetes. She said at the hearing that she had undergone no x-rays on her back, joints, or knees, but the record reflects one lumbar x-ray in 2019 that showed degenerative changes. (Tr. at 22-23, 459). This condition was reflected in the ALJ's step two analysis. Clinical exams routinely showed normal gait and station, with normal reflexes and motor strength. (Tr. at 371-410, 458-461). Normal clinical findings may support an ALJ's decision to deny benefits. *Gowell v. Apfel,* 242 F.3d 793, 796 (8th Cir. 2001). Covington admitted that she did not use a cane, or wear special shoes for her conditions. (Tr. at 41-44). Doctors treated her conservatively with medication management, which was somewhat effective in controlling her symptoms. (Tr. at 38-45). Covington did not require surgery, epidural injections, or further invasive procedures. One of her doctors recommended that she pursue physical therapy, which she said she could not afford. (Tr. at 21). However, she did not establish that she sought out free community resources or that she sought medical treatment but was refused because of her inability to pay. *See Murphy v. Sullivan*, 953 F.2d 383, 386-7 (8th Cir. 1992).

Covington said she could drive, do laundry, sweep, prepare meals, go out shopping, and read the newspaper. (Tr. at 44-48, 241-246). Such daily activities undermine her claims of disability. *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003). Two of Covington's treating physicians found some restrictions due to her conditions, but a consultative examiner found that Covington would be capable of light work. (Tr. at 24-25, 385-296, 461-463). This aligned with the opinions of the Disability Determination Services medical experts, who found Covington capable of light work. (Tr. at 79, 107). The ALJ gave good reasons for his assessments of the medical opinions, and explained throughout the decision why the RFC for light work was appropriate.[3] (Tr. at 21-27). Conservative care, relatively few objective findings, and Covington's ability to perform a variety of daily activities are factors that support the ALJ's RFC determination.

Moreover, the ALJ considered obesity as required by the regulations. He addressed obesity in two separate portions of the opinion, and found it to be a severe impairment at Step Two. (Tr. at 16, 23). This analysis was sufficient; Covington did not show that obesity would seriously interfere with her day-to-day functioning. *Williams v. Barnhart*, 388 F.3d 1150, 1153 (8th Cir. 2004).

Finally, Covington argues that she could not return to her past relevant work, for essentially the same reasons: that the RFC did not reflect all of her limitations. The questions posed to the VE at Step Four fully encapsulated her credible limitations, and the corresponding RFC demonstrated that past work was possible. (Tr. at 50-56). The ALJ did not err at Step Four.

---

[3] A claimant's RFC represents the most she can do despite the combined effects of all of her credible limitations and must be based on all credible evidence. *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011). In determining the claimant's RFC, the ALJ has a duty to establish, by competent medical evidence, the physical and mental activity that the claimant can perform in a work setting, after giving appropriate consideration to all of her impairments. *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996).

## IV.   Conclusion:

There is substantial evidence to support the Commissioner's decision to deny benefits. The RFC incorporated Covington's limitations, and the ALJ did not err at Step Four. The finding that Covington was not disabled within the meaning of the Social Security Act, therefore, must be, and hereby is AFFIRMED. Judgment will be entered for the Defendant.

IT IS SO ORDERED this 10th day of January, 2022.

_____

UNITED STATES MAGISTRATE JUDGE